UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 20-CR-20581-1
        Honorable Linda V. Parker

JIMMY POWELL-GRIFFIN,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE (ECF NOS. 35, 36)

On May 11, 2021, Defendant Jimmy Powell-Griffin ("Defendant") pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On September 13, 2021, the Honorable Robert H. Cleland, to whom this case was previously assigned, sentenced Defendant to 78 months of incarceration, followed by a two-year term of supervised release. (ECF No. 28 at PageID 169-70.) Defendant subsequently moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF Nos. 35, 36.) After full briefing (ECF Nos. 38, 39), the matter was reassigned to the undersigned pursuant to Administrative Order 23-AO-035.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] Section

3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that a reduction is consistent with applicable statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). In his initial motion, Defendant cited the need to care for his ailing grandmother as the "extraordinary and compelling reason[]" why he should be granted compassionate release, although his grandmother had passed away by the time he filed his reply brief.[1] However, in his reply brief, Defendant requested early release asserting that his grandmother had been the second provider of care for his daughter.[2] But Defendant offers no other details concerning his daughter's care. He does not identify who her primary caregiver is, the care his grandmother provided, or why other individuals cannot fill this role.

Therefore, Defendant fails to show "extraordinary and compelling reasons" warranting a reduction in his sentence. The Court finds it unnecessary, as a result, to address the § 3553 factors.

---

[1] Defendant also claims that he has serious medical problems (kidney disease, fatty liver disease, and gall bladder issues), for which he is not receiving proper treatment at the federal correctional institute where he is incarcerated. He fails to provide further information, however, to support compassionate release for this reason.

[2] This assertion appears improbable in light of Defendant's assertions that his grandmother's health had "deteriorated to the point *she* require[d] round the clock care and supervision," had become "disabled," and "loses consciousness." (*See* ECF No. 35 at PageID 233.)

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED**.

                                            s/ Linda V. Parker  
                                            LINDA V. PARKER  
                                            U.S. DISTRICT JUDGE

Dated: November 28, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 28, 2023, by electronic and/or U.S. First Class mail.

                                            s/Aaron Flanigan  
                                            Case Manager